# SUPREME COURT.

The People *ex rel.* SARAH W. PAULDING agt. PHILIP R. PAULDING.

In the Matter of GRACE M. PAULDING.

Where the temporary custody of a child, pending litigation between husband and wife for divorce, is given to the mother, the privilege should not be made an instrument of possible injustice to the father. Therefore, the father on sufficient cause shown, may require security from the mother that the child be kept within the jurisdiction of the court.

*New-York Special Term, November,* 1857.

APPLICATION for security pending litigation, that a child

shall be kept within the jurisdiction of the court, by the parent having it in custody.

ROOSEVELT, Justice.   This is a case of husband and wife, living, as the statute expresses it, (2 *R. S.* 149,) in a state of separation without being divorced.   The wife, as she was authorized to do, some time since, applied to the court to have one of the children of the marriage, a girl less than three years old, delivered up to her.   On a preliminary hearing of both parties, the charge and custody of the child, was awarded to the mother, accompanied by certain directions which were intended to provide fully for the father's right to visit his offspring pending the unhappy controversy, and subject to such modification (if any) of the order as the evidence, when more fully presented, should appear to demand.

The husband, on an affidavit of certain alleged intentions of his wife, now applies for an order that his wife be required to give security to keep the child within the jurisdiction of the court, to abide the final determination of the suit.   Mrs. Paulding denies any such purpose as is imputed to her.   She admits, however, that she contemplates a visit during the summer months, to one of the neighboring states of Massachusetts or Connecticut.   Although such an excursion, with a view to health, may be every way unobjectionable, still it is proper that the husband, if he desires it, should have some security that the child shall be forthcoming when required. Both parents have rights, and the rights of both should be equally guarded.   If the temporary custody, while the question is pending, be given to the mother, the privilege should not be made an instrument of possible injustice to the father.

Order for security accordingly.