The People of the State of New York ex rel. Lewis McC. Herzog, Appellant and Respondent, against Angela S. Morgan, Respondent and Appellant.

Argued November 24, 1941; decided January 15, 1942.

Frederick Evan Crane, Milton Zwisohn and Nicholas P. Nanos for relator, appellant and respondent. The order of the court below denies full faith and credit to the Nevada decree. The determination of the Appellate Division was not based upon a finding of change of circumstances since the entry of that decree. (Ansorge v. Armour, 267 N. Y. 492; Westchester F. Ins. Co. v. Syracuse, B. & N. Y. R. R. Co., 192 App. Div. 463; 233 N. Y. 600.) The Court of Appeals has the power and it is its duty to review the facts. Due weight must be accorded to the original findings of the Special Term. (Matter of Flagler, 248 N. Y. 415; People v. Parkin, 263 N. Y. 428; Karlin v. Karlin, 280 N. Y. 32; Baird v. Mayor, 96 N. Y. 567; Boyd v. Boyd, 252 N. Y. 422; York Mortgage Corp. v. Clotar Const. Corp., 254 N. Y. 128; Smith v. Smith, 273 N. Y. 380; McKee v. McKee, 267 N. Y. 96.) The weight of evidence lies with the findings that relator is a fit custodian for his children and that it is to their best welfare that his limited custody be continued. The modifications of the Appellate Division are not supported by the evidence. (Lester v. Lester, 178 App. Div. 205; 222 N. Y. 546; Matter of Knowack, 158 N. Y. 482; People ex rel. Sisson v. Sisson, 271 N. Y. 285.) The provisions of the Nevada decree relating to the custody of the children were binding upon the parties. (May v. May, 233 App. Div. 519; Robinson v. Robinson, 254 App. Div. 696; Finlay v. Finlay, 240 N. Y. 429; Matter of Kernan, 247 App. Div. 664; 272 N. Y. 560; Kennedy v. Ryall, 67 N. Y. 379.)

William L. Hanaway and Thornton C. Land for defendant, respondent and appellant. The matter is for the Appellate Division and for its independent and unswayed discretion. (People ex rel. McCanliss v. McCanliss, 255 N. Y. 456; People ex rel. Sternberger v. Sternberger, 153 N. Y. 684; Osterhoudt v. Osterhoudt, 168 N. Y. 358; Waring v. Waring, 100 N. Y. 570; Price v. Price, 55 N. Y. 656.) The Nevada decree is no bar to the order of the Appellate Division even though that decree is entitled to full faith and credit. (Matter of Flagler, 248 N. Y. 415.) The defendant in the

capacity of guardian was not a party to the Nevada divorce proceedings and, consequently, in that capacity she was a stranger to them and is not bound thereby. (*Rathbone* v. *Hooney*, 58 N. Y. 463; *First Nat. Bank* v. *Shuler*, 153 N. Y. 163; *Gerstein* v. *Fisher*, 12 Misc. Rep. 211; *Furlong* v. *Banta*, 80 Hun, 248; *City Bank Farmers Trust Co.* v. *Silberberg*, 280 N. Y. 424; *Hellstern* v. *Hellstern*, 279 N. Y. 327; *Matter of Auditore*, 249 N. Y. 335; *Leonard* v. *Pierce*, 182 N. Y. 431; *Landon* v. *Townshend*, 112 N. Y. 93; *Collins* v. *Hydorn*, 135 N. Y. 320.)

LOUGHRAN, J. This is a habeas corpus proceeding brought by the father of two children for an apportionment of their custody between him and their mother.

On June 28, 1933, the parties entered into an agreement of separation whereby the custody of the children was granted to the father during July and August and the Easter vacation of each year and to the mother at other times but with the privilege to the father of daily visitation. Pursuant to this agreement the father set up trust funds from which the mother has received for the support of the children $416 each month.

In May, 1935, the mother was granted a divorce from the father by a Nevada decree that is valid under our own law. Thereby the Nevada court adjudged " that the written agreement made and entered into by the plaintiff and the defendant herein on the 28th day of June, 1933, settling the property rights of the plaintiff and the defendant and all matters concerning the care, custody and support of the minor children of said parties  *  *  *  be and the same hereby is  *  *  *  ratified, adopted and approved in all respects, and with the same force and effect as if said agreement were annexed hereto and set out in full in *hæc verba* as a part hereof; and said agreement is hereby declared to be fair, just and equitable to the plaintiff, to the defendant, and to the said minor children; and the plaintiff and the defendant are both ordered and directed to comply with all of the terms and conditions of said agreement."

Citing *Ansorge* v. *Armour* (267 N. Y. 492), the Special Term ruled that the foregoing provisions of the Nevada decree were binding upon the mother, since (as the court found) there had been no " change in conditions and circumstances since the rendering of the decree that makes it necessary for the children's best interests that the provisions for custody thereby made, be altered." The mother, dissatisfied with this result, appealed to the Appellate Division where the order of Special Term was modified so as to direct that the father (1) " shall have the custody of the children each year for a period of two weeks during either July or August, but on condition that the children be accompanied by their nurse or governess," and (2) " shall have the right to visit the children between the hours of three and six P. M. on one Sunday each month, provided he gives reasonable notice to  *  *  * [the mother] of his intention so to do." (262 App. Div. 763.) The case comes here on cross-appeals by the parties from the order of the Appellate Division.

Conformably to the separation agreement of June 28, 1933, the mother was appointed general guardian of the persons of the children by the Surrogate's Court of the County of New York on April 25, 1934. She makes the argument that the Nevada decree does not bind her as such guardian, since she was never before the Nevada court in that status. This argument, we are sure, falls short of the heart of the issue. Neither the letters of guardianship nor the Nevada decree diminished the prerogative of the New York Supreme Court as *parens patriæ*. By means of that paternal jurisdiction the court was to provide for the best interests of the children after the manner of a wise, affectionate and prudent parent. (*Finlay* v. *Finlay*, 240 N. Y. 429.) From that same standpoint we must now say where in our judgment the weight of the evidence lies in respect of the conflict between the findings of the Special Term and the implied contrary findings of the Appellate Division. (*People ex rel. McCanliss* v. *McCanliss*, 255 N. Y. 456; 257 N. Y. 520. See *Matter of Flagler*, 248 N. Y. 415.)

No discontent has been expressed by the mother respecting her agreement that the father might see the children daily if he chose. In her pleading she demanded no more than the right of custody. We see no reason for so much of the order of the Appellate Division as would deny to the father for the most part even the opportunity which the mother left open to him for communication with the children.

The memorandum decision of the Appellate Division says: " In view of the tender years of the children and under all the circumstances, in our opinion the children should not be separated from their mother for a longer period than two weeks." (262 App. Div. 763.) The years of one of the children — a boy — are nine. The years of·the other — a girl — are eleven. It is plain enough, we think, that these ages did not without more call for the undoing of the division of custody which the father and the mother had themselves jointly confirmed when the children were five years younger. We go along, then, to the other circumstances referred to by the Appellate Division.

There is evidence that the father had at one time been of intemperate habits. The record exhibits nothing else against him. " There is no claim," as the Special Term said, " that the father was ever cruel to the children or neglectful or unmindful of them, and on the other hand, it is well established that he has great love for them which they reciprocate in full."

Nor was claim made of any untoward resultant of the boy's contact with the father. A pediatrician, called as a witness by the mother, gave it as his opinion that the contrary was true in the case of the girl. But that testimony was flatly contradicted by a psychiatrist called as a witness by the father. Such diversity of specialistic viewpoint led the Special Term judge to talk to the girl in the absence of parties and counsel. He reports the result in this way: " She impressed me as being an entirely normal child. She answered the questions spontaneously and naturally. She said she had never seen her father under

the influence of liquor; she greatly enjoyed her summers [with him] in Maine where she was happy; that she loved him as she did her mother and her mother's second husband."

The foregoing is the substance of the case. Our examination of it has been made with some anxiety because of the nature of the issue. The Special Term judge saw and heard the witnesses. He was face to face with the infants whose paramount interests were to be fostered. The factors that made his duty clear to him can at this distance be seen by us only, as it were, through a glass darkly. Our conclusion is that in all human probability the first-made findings of the Special Term are attested by the weight of the evidence.

The order of the Appellate Division should be reversed and that of Special Term affirmed, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.