In the Matter of the Application of DAPHNE HELLMAN, Appel-
lant-Respondent, for an Order Awarding Her the Custody
of ALEXANDER BULL, an Infant.

HARRY BULL, Respondent-Appellant.

First Department, June 4, 1943.

*Frank Delaney* of counsel (*René A. Wormser* and *Louis C. Haggerty* with him on the brief; *Haggerty, Myles and Wormser,* attorneys), for appellant-respondent.

*George W. Whiteside* of counsel (*Dwight R. Collin* with him on the brief; *Henry Adsit Bull,* attorney), for respondent-appellant.

Cohn, J. We agree with the well-considered report of the learned referee and the confirmatory findings of the court to the effect that since the Nevada decree awarding custody of the infant to the father, there has been no variance in circumstances which would justify a change in the custody arrangement. Nevertheless, in view of the limitation contained in the decree that " the Husband shall afford to the Son every opportunity to benefit by association with his mother " and taking into account the best interests of this two-year-old child, we think that the Special Term quite properly fixed definite and reasonable times and conditions for visitation by the mother.

The foreign judgment of absolute divorce which embodied the agreement between the parties regulating care and custody of the child does not prevent a New York court from considering evidence as to the welfare of its infant ward. The Nevada decree in no way diminished the prerogative of the New York Supreme Court as *parens patriæ.* (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317.) The chancellor, exercising

his jurisdiction in that capacity, acts to do what is best for the interest of the child. (*Finlay* v. *Finlay*, 240 N. Y. 429, 434.) Accordingly, the order should be affirmed, without costs.

DORE and CALLAHAN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent, and vote to modify by confirming the report of the referee.

Order affirmed, without costs.