In the Matter of NEW YORK ASSOCIATION FOR JEWISH CHILDREN, Petitioner, for a Writ of Habeas Corpus in respect of S. R., an Infant.

MR. W. et al., Respondents.

Supreme Court, Special Term, Queens County, November 9, 1943.

*Hendricks, Robbins & Buttenwieser* for petitioner.

*James J. Crisona* for respondents.

DALY, J. The petitioner is an institution duly authorized under the laws of the State of New York and under chapter 24 of the Administrative Code of the City of New York (L. 1937, ch. 929) to receive any child into its custody by commitment from the Department of Welfare of the City of New York. The female infant involved herein was born out of wedlock on January 29, 1942. Her mother subsequently applied to the Department of Welfare of the City of New York for aid in caring for the child. On May 12, 1942, the Department of Welfare committed the child to the petitioner with the consent of the mother in accordance with chapter 24 of the Administrative Code of the City of New York. The term of commitment was as provided in section 603–4.0 of said chapter 24 of the Administrative Code —

" 1. Until such child shall attain the age of sixteen years, or

" 2. Until such child shall be given over in adoption by the institution to which it shall have been committed to some suitable person, or

" 3. Until such child shall be returned to its parents, relatives, or guardians, or otherwise discharged."

On April 19, 1943, the petitioner placed the child in the home of the respondents, Mr. and Mrs. W., in accordance with the provisions of section 603–2.0 of chapter 24 of the said Administrative Code; board was paid to the foster parents, medical care provided and supervision of the home maintained in accordance with the usual procedure of the petitioner. About

a month after the child was placed in this foster home the mother requested the return of the child to her, provided that she were granted the statutory allowance for a dependent child. This request was communicated to the foster parents as were also subsequent requests involving different arrangements. The mother finally made a formal demand that her child be discharged to her under an arrangement whereby at least temporarily, and possibly permanently, the child would live with the mother's sister and brother-in-law, where she, as the mother, could share in the child's life. The home of the sister and brother-in-law was investigated and approved by both the Department of Welfare and the petitioner. The foster parents have, however, refused to return the child. As a result this habeas corpus proceeding was instituted. It is the contention of the foster parents that the child was placed with them for adoption and that her interests would best be served if they are permitted to retain custody.

While there is no doubt on the basis of the record that the foster parents have provided a suitable home for the child, have cherished and cared for her, and are ready, willing and able to do so in the future, the court is, nevertheless, constrained to sustain the writ and direct the return of the child. The evidence adduced at the hearing clearly establishes that the child was placed in the foster home upon a boarding basis only. It is true that the respondents consulted the petitioner in the first instance with a view of adopting a child. However, the court finds as a fact that the petitioner's representative informed them that it had nothing to do with adoptions; that it was merely a boarding agency. The respondents then stated that they would take the child nevertheless with the hope that an adoption might subsequently be arranged.

It has been held that in proceedings involving the custody of children the court by means of its " paternal jurisdiction " has to provide " for the best interests " of the child " after the manner of a wise, affectionate and prudent parent." (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317; see, also, *Matter of Bock* [*Breitung*], 280 N. Y. 349.) The fact that the respondents are well off financially and that the foster father is a member of a learned profession is not determinative, nor is the fact that the child is the offspring of an unwed mother. The humanity of the court must be exercised as in the case of a legitimate child. (10 Carmody on New York Pleading and Practice, § 45, p. 69; *People ex rel. Mahoff* v. *Matsoui,* 139 Misc. 21.) The mother's right is that of a parent and not of a mar-

ried woman. (*Matter of Thorne*, 240 N. Y. 444, 449.) A natural parent, in preference to all others, is entitled to the custody of her child — in the absence of compelling reasons to the contrary; "nothing short of most unusual circumstances should warrant the refusal of custody to a parent in favor of any other relative no matter how unselfish her motives may be." (*Matter of Vanderbilt*, 245 App. Div. 211, 213.) Nothing has been shown here which, in the court's opinion, justifies the departure from the foregoing rule so as to leave the child in the custody of foster parents with whom she was placed six months ago on a boarding basis solely. No issue has been raised here as to the mother's moral fitness to take care of the child in the home and with the assistance of close relatives. Of course, it is abundantly clear that the mother has not abandoned her child: she has neither released her for adoption, nor relinquished her right to the child's return. Under the circumstances here, the natural rights of the mother must supersede the advantages tendered by the respondents — "the connecting links of direct kinship, — blood, flesh and bone — are not to be lightly torn asunder" (*People* v. *Van Dyk*, 33 N. Y. S. 2d 766, 771). Submit order in accordance with the foregoing and provide for the sealing of the record herein.