THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSE HALVEY, Relator, against JOHN F. HALVEY, Defendant.

Supreme Court, Special Term, New York County, May 31, 1945.

*Irwin Rosenberg* for relator.

*Isidore Cohen* for defendant.

BENVENGA, J.   This proceeding involves the custody of a seven-year-old boy.   His parents were married in 1937, and he was born in 1938.   In April, 1944, while his parents resided in the city of New York, the relator left her husband and, without his knowledge and consent, took the boy with her.   Since then, relator and her son have lived in Florida.   In February, 1945, relator filed a suit for divorce in Florida, obtaining an order directing the service of process by publication.   Defendant never appeared in that action.   In April, 1945, a default decree was entered granting a divorce to the relator and awarding to her the custody of the boy.   Just before the signing of the decree, defendant, without the knowledge and consent of relator, brought the child back to the city of New York.   The question presented is whether the defendant is entitled to visitation and access to the child; and, if so, whether this court has jurisdiction and authority to grant and enforce that right.

It is well settled that a judgment of a foreign court, having jurisdiction of the action and of the parties, awarding custody of an infant to one of the parties, has the same force and effect in another jurisdiction that it has in the jurisdiction where it was rendered.   It is binding on the parties as a conclusive determination of the right to custody under the conditions existing at the time of its rendition, and a change of custody will not be decreed unless circumstances arise which make it necessary for the best interests of the child.   (*Ansorge* v. *Armour,* 267 N. Y. 492, 498, 499; *People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 320; *People ex rel. Tull* v. *Tull,* 245 App. Div. 508, 510, affd. 270 N. Y. 619; *Matter of Bull* [*Hellman*], 266 App. Div. 290, 291, 292, affd. 291 N. Y. 792; *Matter of Jiranek,* 267 App. Div. 607, 610.)

Did the Florida court have jurisdiction of the action and of the parties?   This, of course, depends upon whether the relator and her son were domiciled in Florida.   It is not disputed that, when the action was started, relator and her son were residents of Florida.   Since no evidence was adduced to show that the relator was not a bona fide resident, the Florida decree, insofar as its divorce provisions are concerned, is entitled to full faith and credit.   (*Matter of Holmes,* 291 N. Y. 261, 273; *Matter of Bingham,* 265 App. Div. 463, 466.)   But there is doubt as to whether, under the circumstances of this case, the child was domiciled in Florida, and whether the custody provisions of

the decree are entitled to full faith and credit. No case authority on that point has been called to my attention and none has been found. It has been asserted that, where a married woman is the joint guardian of the children with her husband, as in New York (Domestic Relations Law, § 81), the domicile of the children is that of the mother whenever she establishes a domicile apart from her husband and the children actually live with her. (Goodrich on Conflict of Laws [2d ed.], § 19, p. 32; Restatement, Conflict of Laws, § 32; Restatement, Conflict of Laws, N. Y. Annotations, § 32; 1 Beale on Conflict of Laws, § 32.2; *Matter of Thorne*, 240 N. Y. 444, 449; *Finlay* v. *Finlay*, 240 N. Y. 429, 431; but see *The People* v. *Brooks*, 35 Barb. 85, 86, 91, 95.) In view of the growing liberality with respect to acquisition of a separate domicile by married women and the equally growing liberality in permitting the mother to control the domicile of her children (see Stumberg on Conflict of Laws, p. 43, note 95), it will be assumed that the custody provisions of the decree are entitled to full faith and credit. But even if it be assumed that they are not, the best interests of the child would seem to require that the relator should have his custody, for a child of tender years is entitled to such care, love and discipline as only a good and devoted mother can usually give. (*Ullman* v. *Ullman*, 151 App. Div. 419, 424, 425.)

But the question still remains whether the defendant is entitled to the right of visitation. True, the Florida decree does not provide for visitation. That is no obstacle. The decree in no way diminishes the prerogative of this court, as *parens patriæ*, to do what it considers best for the welfare of the child. (*People ex rel. Herzog* v. *Morgan*, 287 N. Y. 317, *supra; Matter of Bull* [*Hellman*], 266 App. Div. 290, *supra*.)

Though the decree awards custody to the relator, defendant possesses certain natural rights with respect to his child. One of these is the right of visitation and access. This right cannot be withheld, unless the defendant has forfeited the privilege by his conduct, or unless the exercise of the privilege would injuriously affect the welfare of the child, or unless the decree specifically provides otherwise, and there has been no change of circumstances. (*Jacquet* v. *Disimone*, 175 La. 617; *Eaton* v. *Eaton*, 237 S. W. 896, 900 [Mo.]; *Hays* v. *Hays*, 123 S. W. 2d 968, 969 [Tex.]; 2 Beale on Conflict of Laws, § 148.1; 27 C. J. S., Divorce, § 312; see *Nash* v. *Nash*, 236 App. Div. 89, 91.) " Such

right is not destroyed by the divorce, since there is in the decree no express provision to that effect, and nothing in the facts to justify it if there had been.'' (*Eaton* v. *Eaton, supra,* p. 900.)

That the defendant is entitled to visitation seems clear. If the relator, who until she left her husband was a resident of this State, intended to continue her residence here, no problem would be presented. The usual order could be entered. But relator has become a resident of Florida and, apparently, intends to make that State her home, while the defendant's place of business is in this State, and he must continue his residence here. Even that would present no difficulty, if the relator intended in good faith to abide by the order of this court. But, unfortunately, as frequently happens in cases of this nature, there is little or no assurance that relator will comply with the provisions of any order granting the right of visitation. Indeed, I am satisfied that, unless proper safeguards are provided, the entry of an order which merely grants the right of visitation would be a futile gesture.

Under the circumstances, the relator will not be permitted to remove the child from this State, unless she gives a bond or other undertaking conditioned for the faithful performance of the terms and conditions of the order and for the return of the child to this State whenever so required. That the court has power to make such an order is clear. (*Campbell* v. *Lovgren,* 175 Miss. 4; *Gibson* v. *Gibson,* 156 Ark. 30; *Mattox* v. *Mattox,* 129 Okla. 301; 2 Beale on Conflict of Laws, § 148.1; 27 C. J. S., Divorce, § 313; see Domestic Relations Law, § 70; *The People ex rel. Sarah W. Paulding* agt. *Paulding,* 15 How. Prac. 167.)

As to the provisions of the order respecting visitation and the terms and conditions of the bond, counsel should consult the court.