In the Matter of ARCHER A. NELSON, Petitioner, against MARJORIE C. N. REUSS, Respondent.

Supreme Court, Special Term, New York County, April 13, 1946.

*Fraenkel, Jackson & Levitt* for petitioner.

*Kupfer & Levine* for respondent.

EDER, J. Motion denied. The appropriate and recognized procedure to gain custody of a child is by habeas corpus proceeding and not by practice motion for a directive as is sought here. This appears to be recognized by counsel who argue that this application is, in essence, a habeas corpus proceeding. It is not. No petition for the issuance of a writ was presented. There is no relator, no writ issued, nor was the production of the child sought, nor a summary hearing solicited. The characteristics of a habeas corpus proceeding are absent. The relief sought is a directive to comply with a provision of a foreign decree of divorce brought on for hearing by order to show cause as a practice motion. Consent of counsel cannot transmogrify the application into a habeas corpus proceeding, nor can the consent of counsel transform an order to show cause into a State writ. For example: Disobedience to the writ is punishable by imprisonment and is a contempt of court; failure to respond to an order to show cause is not, and merely results in a default. The suggested conversion of a motion into a writ cannot be entertained.

*In Matter of Bull (Hellman)*, (266 App. Div. 290, affd. 291 N. Y. 792), it does not appear that the attention of the court was directed to the question of power to entertain the application, but this court considers that feature, *sua sponte*, because of its doubt that such power exists.

The stipulation is intended " to modify and take precedence over " the provisions of the decree of the Nevada court; application to modify that decree should be made to the Nevada court. The full faith and credit clause of the Constitution pertains to the enforcement of the judgment of the court of a sister State, and not to a change or modification thereof.

On the matter of counsel fee, I know of no authority to award any upon such an application as this.