In the Matter of ANGELA S. MORGAN, as Guardian of the Person of LEWIS McC. HERZOG, JR., an Infant, Petitioner. UNITED STATES TRUST COMPANY OF NEW YORK, Respondent.

In the Matter of ANGELA S. MORGAN, as Guardian of the Person of ANGELA R. HERZOG, an Infant, Petitioner. UNITED STATES TRUST COMPANY OF NEW YORK, Respondent.

ANGELA S. MORGAN, Petitioner, *v.* LEWIS McC. HERZOG, SR., et al., Third Party Respondents.

Supreme Court, Special Term, New York County, June 4, 1948.

*Ambrose V. McCall* for petitioner.

*James J. Mennis* for respondent.

*Seymour Graubard,* guardian ad litem for Lewis McC. Herzog, Jr., and another, infants.

*Moroney & Ettinger* for Lewis McC. Herzog, Sr., third party respondent.

NULL, J. This proceeding, instituted under article 79 of the Civil Practice Act, seeks a construction of two *inter vivos* trusts and a determination respecting the custody of the two infant children named as the beneficiaries of those trusts.

The petitioner and the respondent, Herzog, were married in New York in 1928. They have two children, a girl, now seventeen years of age, and a boy fifteen years of age. In 1933, the petitioner and her then husband executed a written agreement of separation pursuant to which they agreed to live apart. By the terms of that agreement, the petitioner was granted custody of the two children except for the months of July and August and the Easter holidays. The petitioner was to be designated the guardian of the persons of the children and the respondent trust company the guardian of their property. Formal appointment to these guardianships was made in the following year by the Surrogate's Court of New York County.

Provision was likewise made for the support and maintenance of the petitioner and the children. Three trust funds were to be established by the respondent, Herzog, each in the sum of $125,000, for the respective benefits of the petitioner and each of the children. The three trust indentures were executed on the same day as was the separation agreement and in each the respondent trust company was designated as the trustee.

The two trust agreements in which the children were made the beneficiaries are similar. Each indenture, among other things, provides:

(a) That the petitioner, as guardian of the person of each child, shall be paid the net income of the trust in equal monthly installments in a sum not exceeding $2,500 per annum during the minority of the child. The funds so paid are to be applied by her for the maintenance, education and support of the child;

(b) That any income inuring to the trust corpus in excess of the sum of $2,500 per annum shall be accumulated during the minority of the child;

(c) That bills for school tuition, board and extras shall be paid out of the accumulated or surplus income, if there be any, subject to the supervision and control of the trustee;

(d) That the net income of the trust shall be paid directly to the child after the attainment of his or her majority;

(e) That the indentures shall be governed by the laws of the State of New York and shall not be affected by any change in or termination of the separation agreement.

The provisions of the trust instruments do not follow, in all details, the corresponding terms in the separation agreement. The differences, however, have no bearing on the issues in this proceeding.

In 1935, the petitioner secured a decree of divorce against the respondent, Herzog, in Nevada. That decree incorporated in full the provisions of the separation agreement concerning the custody and maintenance of the two children. Thereafter the petitioner remarried and resided, as she still does, in New York. The respondent, Herzog, has since twice remarried and is now domiciled in Florida.

In 1940, a controversy arose between the petitioner and the respondent, Herzog, respecting the custody of the children. The petitioner denied him the right to any custody of the children, principally upon the ground that he was intemperate. These differences were made the subject of bitter litigation which was terminated only when the Court of Appeals affirmed the holding of the Special Term that there was no warrant for modifying the custody provisions of the separation agreement (*People ex rel. Herzog* v. *Morgan*, 287 N. Y. 317).

Presumably, until the summer of 1945, the parties shared the society of their children in the manner provided by the original separation agreement entered into in 1933, the Nevada decree of divorce granted in 1935, and the determination of the Court

of Appeals in 1942. In the summer of 1945, the petitioner, as she was required to do, sent the children to live with the respondent, Herzog, in St. Petersburg, Florida, for the months of July and August. A few days before the children were to be returned to the petitioner the respondent, Herzog, commenced proceedings in the courts of Florida to modify the terms of custody so that he and not the petitioner was to have the major custody of the children and that the income from the trusts should, accordingly, be paid over to him. In his prayer for relief in that proceeding Herzog sought a decree reversing, in his favor, not alone the terms of custody, but also the provisions of the separation agreement and the trust indentures dealing with the payments to be made for the support and maintenance of the children.

On October 27, 1945, notice was served upon the trustee by the respondent, Herzog, that the children were no longer with the petitioner. Since November 1, 1945, the trustee has refused to pay over to the petitioner any portion of the income of the trusts.

The petitioner appeared in the Florida custody proceeding for the purpose of objecting to the jurisdiction of the court. After the jurisdictional question had been resolved, the petitioner appeared generally and the matter proceeded to a trial upon the merits. The result was a final decree, dated February 11, 1947, by which custody of the children was awarded to the respondent, Herzog, for nine and one-half months, from September 1st, to June 15th, in each year and to the petitioner for the remaining two and one-half months of the year. The petitioner was also directed to pay to the respondent, Herzog, a " proportionate part of the income payable to her out of the trust fund ". The decree was amended to require the petitioner to post a $5,000 bond to insure the timely return of the children to Florida.

It was during the pendency of the litigation in Florida that this proceeding was instituted by the petitioner. The original petition set forth two causes of action for a construction of each of the two trust indentures in question. The amended petition added a third cause of action by which was raised the issue of custody. The principal contention of the petitioner is that the children were residents of New York and that·their domicile was fixed in this State as a matter of law by her formal appointment in 1934 as the general guardian of their persons. It is asserted, therefore, that inasmuch as the children were

domiciled in New York, the Florida courts had no jurisdiction to determine their custody.

Whether the courts of one State have jurisdiction of the person or of the subject matter in a controversy often poses perplexities which are not easily reconciled by contemporary legal authority. In matrimonial actions and in related proceedings involving the custody of children, the problem takes on added significance because it touches upon social values implicit in the family relationship.

The approach to the instant controversy is facilitated to the extent that it is undisputed that the petitioner had major custody of the children, at least up to the time of the entry of the Florida decree. With that as a starting point, it becomes necessary to consider whether such custody may be rescinded or modified and, if so, under what circumstances and by what authority in law.

It is a principle universally accepted that the fundamental consideration in any controversy over custody is the welfare of the children affected. It follows, therefore, that neither the agreement of the parties nor the decree of the court may dispose of questions relating to custody with finality.

Custody is not a status. Decrees and awards with respect to it may be regarded as temporary, subject to change as the interests of the children may require (Weinman, " The Trial Judge Awards Custody ", 10 Law & Contemp. Prob., 721, 725; Stansbury, " Custody and Maintenance Law Across State Lines ", 10 Law & Contemp. Prob., 819, 820). The mutable nature of a custody decree is emphasized by the fact that, in the habeas corpus proceeding in 1940, involving the very parties to this litigation, the court, before confirming the apportionment of custody provided by the Nevada decree, itself examined anew into the merits of the claims of the parties and gave primary consideration to the best interests of the children. It rejected the petitioner's contention that the letters of guardianship issued to her precluded the court from exercising its prerogative as *parens patriæ* (*People ex rel. Herzog* v. *Morgan, supra*).

This absence of finality eliminates the necessity for consideration of the full faith and credit clause of the Federal Constitution (U. S. Const., art. IV, § 1). Inasmuch as the determination is subject to change to meet the needs of the children affected it is not requisite that it be given full faith and credit, even by the courts of the forum (*New York ex rel. Halvey* v. *Halvey,* 330 U. S. 610, 613; *Minick* v. *Minick,* 111 Fla. 469, 488–491).

The more significant question, however, is whether the Florida courts were warranted by the circumstances in making the custody of the children a matter of their judicial concern. Whatever may have been said of the concept of domicile as the test of jurisdiction, it is obvious that the welfare of the children may require the exercise of summary action without more justification than that the children are before the court. A more realistic concept of jurisdiction has been enunciated by the Court of Appeals in *Finlay* v. *Finlay* (240 N. Y. 429, 431). In that case, Judge CARDOZO wrote: "The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless * * *: For this, the residence of the child suffices though the domicile be elsewhere".

The fact is that the petitioner undertook to contest not alone the jurisdiction of the Florida courts but the merits of the custody issue as a whole. In so doing, she voluntarily subjected herself to the process of the courts of Florida, and, hence, must be deemed to be bound by the determination there reached, at least, to the extent of the circumstances then presented (*Williams* v. *North Carolina*, 325 U. S. 226; *Davis* v. *Davis*, 305 U. S. 32; *Chicago Life Ins. Co.* v. *Cherry*, 244 U. S. 25).

At the hearing before this court, no attempt was made to establish that changed conditions not before the Florida courts required intervention by this court to promote the welfare of the children. Whatever might be said of the ulterior motives of the respondent, Herzog, or the pain which his actions may have caused the petitioner, in the absence of a showing that circumstances have altered since the entry of the Florida decree, discretion dictates judicial restraint in the exercise of jurisdiction.

On the record before me in this proceeding, the third cause of action must be dismissed.

Since the first two causes of action, which seek a construction of the trust agreements for the benefit of the children, are substantially identical, they will be treated together. Under the terms of the trust agreements the petitioner had no interest in the proceeds of the two trusts. She was to receive the income, in an amount not exceeding $2,500 per annum from each trust, as guardian of the persons of the two infants during their minority, and to apply it for their education, maintenance and support. From September 1, 1945, onward, it was impossi-

ble for her to discharge that obligation. The children were no longer subject to her control though legal custody, as fixed by the decree of Nevada and confirmed by our courts (*People ex rel. Herzog* v. *Morgan, supra*), remained vested with her until the entry of the Florida decree on February 11, 1947. Since September 1, 1945, the children were actually maintained and supported by the respondent, Herzog.

As the parent having the dominant legal custody, the petitioner was under a duty to maintain a home for her children. In addition, she continued to maintain such home during the pendency of this proceeding in the hope or expectation that custody might be revested in her. Under the terms of the separation agreement the fixed payments provided therein and by the trust indentures were to cease during the period when petitioner did not have custody of the children "except for the proportionate part of the rental for the home maintained by the party of the first part (petitioner) as a home for herself and said children." The petitioner is, therefore, entitled to such proportionate part of the rental of the home for the period commencing September 1, 1945, up to and including the entry of the Florida decree, provided that she, in fact, did maintain a home for the children during that period. Inasmuch as it is presently beyond her power to expend the income of the trust for the support, maintenance and education of the children, she is entitled to no additional payments therefrom, except for such period when the children, or either of them, be actually in her custody.

The respondent, Herzog, has sought a construction of the trust agreements which would direct the trustee to make the payments from the trusts directly to him. He asserts that the judgment of the Florida court in connection with its disposition of the custody of the children provided, among other things, that the petitioner shall pay to the respondent, Herzog, any income which she may receive under the terms of the trusts for the two children in an amount proportionate to the time that the children are in his custody. In that connection, it may be said that since this court holds that petitioner is not entitled to any payments from the trusts, except as hereinabove indicated, and then only for the period when the children shall be in her custody, there will be nothing for her to pay over to the respondent, Herzog.

The determination may, however, be placed upon broader grounds. The separation agreement and the trust indentures

make it clear that it was not within the contemplation of the parties that any portion of the trust proceeds should be paid to the respondent, Herzog, during the lives of the children. The obligation assumed by him to support, educate and maintain his children, as an incident of the Florida decree granting custody to him, was assumed voluntarily. It cannot be made the basis for a construction which violates the clear intent of the parties. In effect, what the respondent, Herzog, seeks is not an interpretation of the trust indentures but a modification of their terms. A direction that payment from the trusts be made to the respondent, Herzog, if it may be done at all, must find its origin in the need and welfare of the children. Mere convenience to the father affords no basis for such relief. In the absence of evidence showing that moneys are actually required for the support, education and maintenance of the children, there is no warrant for directing that payment of the trust income be made to the father for such purposes.

Accordingly, the trustee, after making the payments hereinabove required to be made, and the allowances granted in this proceeding, is directed to retain and accumulate the trust income during the minority of the infants and to pay over such accumulations to them upon the attainment of their respective majorities.

The court will receive affidavits and such other proof as may be necessary, indicating the amounts expended by the petitioner, as aforesaid, as well as affidavits of services from the interested parties, on or before June 14, 1948, and the final order will be settled accordingly.