Bradford C. Durfee, Plaintiff, v. Rhoda T. Durfee, Defendant.

Supreme Court, Special Term, New York County, February 21, 1949.

*John Goodrum Miller* for defendant.

*Gillis & Purcell* for plaintiff.

Benvenga, J. Plaintiff moves to enjoin and restrain defendant and others acting for and on her behalf from permitting and causing an operation to be performed on an infant child of the parties without plaintiff's consent, and directing defendant to permit plaintiff to have custody of the infant for such period of time as is necessary for examination by orthopedic surgeons of plaintiff's own choosing. Defendant moves to dismiss the complaint for legal insufficiency.

The action, instituted by order to show cause, summons and complaint, etc., is for a permanent injunction. The complaint asserts that the proposed operative procedure is in the nature of an experiment which has not been adequately tested and may result in serious, permanent injuries to the infant child, and that the refusal of the defendant to allow the plaintiff to have temporary custody of the child for medical examination is in

violation of the terms of a separation agreement between the parties and in violation of the terms of the decree of divorce entered in the Nevada courts which adopts and approves the agreement. The agreement, among other things, provides that the defendant shall have custody of the children, including the child in question, during their minorities, except that the plaintiff shall have the right to visit them at all reasonable times and to have custody of them during a portion of their summer vacations, and that the parties shall maintain the children under conditions conducive to their best moral, physical and spiritual development and welfare.

True, as *parens patriæ*, this court has jurisdiction to provide for the best interests of children within the State " after the manner of a wise, affectionate and prudent parent ", even though the care and custody of such children has already been determined by a decree of a foreign State (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 320; *Matter of Bull,* 266 App. Div. 290, 291, affd. 291 N. Y. 792; *Matter of Jiranek,* 267 App. Div. 607, 610; *People ex rel. Halvey* v. *Halvey,* 185 Misc. 52, 53, affd. 269 App. Div. 1019, affd. 295 N. Y. 836, affd. 330 U. S. 610). Nevertheless, the jurisdiction of this court cannot be invoked by an action at law, as in the instant case, based upon the terms of a separation agreement, even though incorporated in a foreign decree. The remedy, if any, is by habeas corpus or by petition in equity. The only exception is where the matter is adjudged as an incident to a suit for divorce or separation (*Finlay* v. *Finlay,* 240 N. Y. 429, 432, 434; *Matter of Bopp,* 58 N. Y. S. 2d 190, 194–195). Ordinarily, it would be the duty of the court, under the circumstances, to dismiss the complaint without prejudice to the institution of a proper proceeding. But, in view of the urgency of the situation presented, it may not be amiss to disregard form and consider the grievance as though it had been presented by a petition in equity.

No authority is cited on the specific point involved, nor has the time at my disposal enabled me to make independent search. However, the question presents no insuperable obstacle, if the parents view the matter in the light of what is for the best interests of the child. The child is a girl of fifteen. The controversy between the parents, it would seem, has aggravated her condition and rendered her apprehensive and nervous. The mother claims that the child is in fear, if not terror, of her father. While the claim may be made in good faith, it is nevertheless difficult to believe. In any event, if the matter is viewed, as the law requires, " after the manner of a wise, affectionate

and prudent parent '', there is nothing to prevent the plaintiff father from suggesting the name of a surgeon or surgeons to whom the mother may take the child for diagnosis, examination and advice, and, certainly, nothing to stop the surgeons from consulting and advising the parents as to what may be the proper medical or surgical procedure. It is to be hoped that the parents will see the wisdom of this course of conduct.

Plaintiff's motion is, accordingly, granted to the extent herein indicated; the defendant's motion is denied. Settle order within twenty-four hours.