In the Matter of HELEN Y. HILL, Petitioner. SIDNEY HILL, Respondent.

Supreme Court, Special Term, New York County, May 3, 1951.

*Arnold M. Grant* and *Geller & Saslow* for petitioner.

*Raphael P. Koenig* for respondent.

VALENTE, J. This is a motion pursuant to section 1450 of the Civil Practice Act, to compel arbitration. The petitioner and the respondent are wife and husband respectively and the parents of the minor children whose custody is the subject matter of the proposed arbitration.

In December, 1950, the parents were engaged in a separation action brought by the wife in this court. Incidental to the adjustment and discontinuance of that action the parties entered into a separation agreement which, among other things, provides in paragraph 15: " In the event that either party shall move, or notify the other party of his intention to move, out of the City or State of New York, then upon the failure of the parties to agree between themselves as to the necessity or desirability, or the extent, if any, of resettlement of custody or visitation rights, same shall be arbitrated in accordance with the arbitration agreement hereinafter set forth."

Pursuant to this provision the petitioner notified the respondent of her intention to move to Florida, taking the children with her, and requested the respondent to advise her as to the extent, if any, of resettlement of the custody and visitation provisions of the agreement which he felt to be necessary or proper in view of her contemplated move to Florida. Not being advised of the respondent's feelings in the matter, she served a demand that the question of the necessity or advisability and the extent, if any, of resettlement of custody and visitation rights to be enjoyed by each parent be arbitrated in accordance with the agreement.

The result of such demand may be interpreted reasonably as a refusal by the petitioner to abide by the present custody and visitation provisions of the agreement upon her removal to Florida. She has failed, however, to indicate in what respects she proposed changes to be made.

It will be noted that the parties state expressly in their agreement that " the welfare and interests of the minor children of the parties hereto will best be served by the arrangements herein set forth." It is idle, therefore, for either disputant to argue that a change in such arrangements does not affect the welfare and best interests of these minor children.

Obviously the undertaking of the parties expressed in the agreement is not binding upon this court.

Except when adjudged as an incident to a suit for divorce, separation or annulment, the custody of children is to be regulated as it has always been in one or other of two ways: by writ of habeas corpus or by petition to the chancellor (*Finlay* v. *Finlay,* 240 N. Y. 429, 432). In that case the Court of Appeals rejected an action by the husband against his wife for judgment regulating the custody of their infant children and refusing to establish even as a supplement to the petition in equity, a remedy by action, saying: " We find no sufficient reason for discarding this historic remedy." The opinion of Judge CARDOZO states as follows: " The chancellor in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against any one. He acts as *parens patriae* to do what is best for the interest of the child. He is to put himself in the position of a ' wise, affectionate and careful parent ' * * * and make provision for the child accordingly. * * * He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights ' as between a parent and a child ' or as between one parent and another ".

Parents can never finally contract with respect to the custody of their children. Over these the court has jurisdiction, regardless of the agreement of the parties (*Kunker* v. *Kunker,* 230 App. Div. 641; *Balbert* v. *Balbert,* 190 Misc. 628; *People ex rel. Rich* v. *Lackey,* 139 Misc. 42).

The determination of the custody of minor children residing in this State is the function and prerogative of the Supreme Court as representing the sovereignty of the State which stands in the relation of *parens patriae* to such minor children (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317).

In the case of *People ex rel. Converse* v. *Derrick* (146 Misc. 73), Mr. Justice HARRIS thus graphically describes the power of the court (pp. 77–78): " The State of New York stands in relation of *parens patriae* to minor children in the State, and representing the State it is the function of the Supreme Court to determine the custody of such minors, and such determination is to be based solely on the welfare of the minors. This power of the State and function of the Supreme Court evidently transcends legislative action and contract between individuals." (Citing *Weinberger* v. *Van Hessen,* 260 N. Y. 294;

*People* v. *Lewis,* 260 N. Y. 171; *Finlay* v. *Finlay,* 240 N. Y. 429; *Matter of Cole,* 212 App. Div. 427, and *Middleworth* v. *Ordway,* 191 N. Y. 404.)

Even when the Legislature enacts statutes regulating the manner in which custody of children shall be determined it acts pursuant to the power which the State. possesses as successor to the Crown (*Matter of Brock,* 245 App. Div. 5).

In the exercise of its function and prerogative this court has refused to be controlled by decrees of competent tribunals even when such decrees incorporated agreements by the parents (*Matter of Bull* [*Hellman*], 266 App. Div. 290, affd. 291 N. Y. 792), nor does it recognize as binding guardianships legally established (*People ex rel. Rich* v. *Lackey,* 139 Misc. 42, *supra*).

The dominant factor in determining the question of custody is the welfare and best interest of the child (*People ex rel. Herzog* v. *Morgan, supra*; *People ex rel. Mahoff* v. *Matsoui,* 139 Misc. 21, 23; *Walch* v. *Walch,* 52 N. Y. S. 2d 697; *Matter of Bopp,* 58 N. Y. S. 2d 190).

There may be an ever widening field of usefulness for arbitration in commercial controversies and it may be a practical, efficient and expeditious way to settle a multitude of disputes and disagreements, but as was so aptly stated by the late Mr. Justice McLaughlin in withholding approval from an arbitration award: '' such matters as the custody of a child and the right of visitation are not properly the subject of arbitration, depending for their determination upon a judicial finding as to the best interests of the child.'' (*Waltman* v. *Waltman,* N. Y. L. J., Jan. 15, 1940, p. 221, col. 7.)

Counsel agree that diligent and painstaking research have yielded no direct authoritative pronouncement on the question presented by this application. The investigation which the court has made independently has produced none.

The petitioner's attorneys concede that any award of the arbitrators would be in no way binding upon the court. Their suggestion that if the respondent were dissatisfied with the award he might then properly avail himself of a petition in equity seems all too flimsy a reason upon which to predicate an order to arbitrate.

The cases cited which have upheld arbitration clauses in agreements affecting alimony and support. are not controlling here (*Matter of Robinson,* 296 N. Y. 778; *Matter of Luttinger,* 294 N. Y. 855; *Zuckerman* v. *Zuckerman,* 96 N. Y. S. 2d 190).

A real distinction is readily apparent. The breach of the

agreement to pay alimony or support may be made the basis of an action for breach of contract or for specific performance. The breach of custody provisions supports no such action.

Lacking any compelling authority to support the enforcement of an agreement to arbitrate custody and in the face of what appears to be clear and authoritative condemnation of such method of determining custody, the petitioner's application is denied.