CHARLES G. MULLER, Plaintiff, *v.* KATE H. M. ASHHURST, Defendant.

Supreme Court, Special Term, Westchester County, June 30, 1955.

*Francis D. Higson* for defendant.

*Herbert F. Garrick* for plaintiff.

EAGER, J. There is here before the court, a motion by defendant for summary judgment. The action is brought by a divorced husband against his former wife for a judgment declaring his alleged legal rights as to reasonable visitation with a daughter of the parties, one Jenny H. Muller, age eight, who resides with the defendant in this county. The parties were divorced by an uncontested decree rendered November 10, 1950, and entered in the Superior Court, Fairfield County, Connecticut, when both the husband and wife were residents of Connecticut. Under the decree, the wife (defendant here) was awarded the custody of two children, being the daughter in question who was issue of their marriage and another daughter of defendant who was issue of her former marriage and adopted by plaintiff. The decree makes no provision for visitation of the children by the husband (plaintiff here). He was, however, directed to pay a sum monthly for the support and maintenance of these children and has fully complied with the directions. The defendant has now remarried and is living in Rye, New York, with her children and her new husband. The plaintiff is also remarried and is living in Greenwich, Connecticut.

The plaintiff, in his complaint in the action before the court, alleges that " at the time of the granting of the uncontested decree of the judgment of divorce, the plaintiff and the defendant agreed to certain rights of visitation by the plaintiff on his said minor child, Jenny H. Muller, as follows: A reasonable visita-

tion arrangement for the plaintiff to have his daughter, Jenny H. Muller, once a week and to have her for a weekend once a month and during the summers a mutually agreeable arrangement for the plaintiff with the defendant to see Jenny more often.'' It is further alleged that the plaintiff and defendant mutually carried out said agreement until sometime in January, 1955, when the defendant arbitrarily refused to permit the plaintiff to continue to have the visitation rights agreed upon, and violated the agreement. Finally, it is alleged that defendant threatens to move with her new husband and children to a foreign State, taking the said child of the parties out of the jurisdiction of this State; that it is essential for the preservation of plaintiff's visitation rights that plaintiff have a declaratory judgment establishing his visitation rights and enjoining defendant from removing the child beyond the jurisdiction of this State, and that plaintiff has no adequate remedy at law. All these allegations of the complaint are denied, and plaintiff claims that the denials raise issues of fact requiring a trial. In any event, the defendant, in support of her motion, presents no proof upon the issues raised by her denials, so these allegations of the complaint will be assumed to be true.

The defendant sets forth as a separate and complete defense the decree of the Connecticut Superior Court awarding to her custody of the children, and, in effect bases her motion for summary judgment upon the existence of such decree. She claims that this court is bound to give full faith and credit to the provisions of such decree awarding to her full custody of the child in question, and, further claiming that visitation is part of custody, she contends that the decree bars this action. She further contends that, in any event, the complaint does not state a cause of action in that, *first,* plaintiff has no legal rights which may properly be the subject of an adjudication by a court in a declaratory judgment action, and *secondly,* he has other adequate remedies to enforce his visitation rights, if any.

The court has readily reached the conclusion that the plaintiff has no cause of action and that, therefore, his complaint is to be dismissed. There is no material issue requiring a trial, because, assuming the allegations of the complaint to be true, the plaintiff has no case.

There is no issue here with respect to the welfare of the child. In fact, her welfare is not made the basis of the action. The purpose of the action is merely to settle a dispute between plaintiff and his former wife concerning his alleged visitation rights, and to fix and enforce such rights. But, it is clear that

an action will not lie for such a purpose. As a general proposition, an action is not maintainable where the sole object thereof is to obtain an adjudication with respect to the custody or visitation of children and to enforce a parent's claim with respect thereto. (See *Finlay* v. *Finlay,* 240 N. Y. 429.)

It is true that the decree of the Connecticut court does not stand in the way of the exercise of the prerogative of this court as *parens patriae* to protect the interests and welfare of this child now living within the boundaries of this State. Notwithstanding the provisions of such decree, this court may, upon a proper showing in a proper proceeding, provide for partial custody by or visitation rights in favor of the plaintiff. (See *People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317; *Matter of Bull [Hellman],* 266 App. Div. 290, affd. 291 N. Y. 792; *People ex rel. Halvey* v. *Halvey,* 185 Misc. 52, affd. 269 App. Div. 1019, affd. 295 N. Y. 836, affd. 330 U. S. 610; *Matter of Bopp,* 58 N. Y. S. 2d 190, and *Matter of Stewart,* 77 Misc. 524.) However, in a proper proceeding, the concern of this court would be for the well-being of the child and it would act to promote her interests. It would not take jurisdiction solely for the purpose of enforcing alleged contractual rights of the plaintiff to visitation. It is clear that the alleged agreement does not have the effect of conferring upon the plaintiff rights declarable and enforcible in this court. It is the welfare of the child, rather than the terms of the agreement which would guide this court in fixing visitation rights of the father. The breach of the alleged agreement and the continued refusal of defendant to abide by the terms thereof furnish no ground for action.

In any event, upon basic general principles, the action does not lie as one for a declaratory judgment or as one to secure an injunction. It has long been settled that " Where there is no necessity for resorting to the declaratory judgment, it should not be employed." (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305.) Upon the undisputed facts, there is no such necessity here. Bearing in mind that this court is concerned only with the welfare of the child, there exists a summary and simple proceeding whereby this court may adjudicate upon and regulate custody and visitation rights as between these parents. I speak of the " historic remedy ", formerly by petition in chancery, and now by petition to this court as the successor to the chancellor's prerogative. (*Finlay* v. *Finlay, supra.*) It has long been the practice of this court to entertain a proceeding instituted by petition to settle as between parents questions relating to custody and visitation rights with respect to their child or children

living within the State. There is no justification for the claim of plaintiff here that the remedy of such a proceeding would not be available to him in that the defendant has been awarded custody by valid foreign court decree, and in that he only seeks partial custody or visitation rights. The simplified remedy of a proceeding by petition to the court is maintainable for the purpose of regulating and fixing terms and conditions of custody, and this includes the fixing of visitation rights in a proper case. Proceedings by petition are frequently brought in the Supreme Court for the sole purpose of securing partial custody or visitation rights in favor of one parent as against the other who has custody by foreign court decree. The jurisdiction of the court to entertain a petition for such purpose and to make such order as may be advisable in the interests of the child has never been questioned, that is, as far as I have been able to ascertain.

Finally, it is clear that the action is not maintainable as an action for an injunction to restrain the defendant from taking the child to a foreign jurisdiction. This, particularly, because the mother has been duly awarded custody of the child without restriction or limitation. This court is bound to give full faith and credit to the provisions of the decree of the foreign State court awarding her custody of the child (*Ansorage* v. *Armour*, 267 N. Y. 492). Having full and unrestricted custody, the defendant has the undoubted right to take the child with her to a foreign State, that is, in any event, in the absence of a factual showing that the welfare of the child is about to be or will be seriously prejudiced or interfered with; and there is no such showing here.

The complaint is dismissed. Submit order on notice.