■ In the Matter of the Claim of FREDONIA BUILDERS SUPPLY CO., INC., Appellant, against Estate of HENRY DAMON, Respondent.— Decree affirmed, without costs of this appeal to either party. All concur. (Appeal from a decree of Chautauqua Surrogate's Court dismissing a claim against an estate for labor and materials furnished to decedent.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

■ WILLIAM J. CABIC, Respondent, v. CITY OF ROCHESTER et al., Appellants.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term for plaintiff in an action to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of a claimed assault by a police officer.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of the Estate of DONNA F. BILLY, Deceased. KATHLEEN G. BILLY, Appellant; DE FORREST BILLY, Respondent.— Decree reversed on the law and facts and petition in Cattaraugus County dismissed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The Surrogate has found that the infant at the time of her death was domiciled in Cattaraugus County. There was no evidence upon which to base such a finding. The parents had separated in 1947 and the mother established a separate domicile with the two children in Niagara County. Thereupon the domicile of the decedent became that of the mother. (Matter of Thorne, 240 N. Y. 444, 449; People ex rel. Halvey v. Halvey, 185 Misc. 52, 54, affd. 269 App. Div. 1019, affd. 295 N. Y. 836; Restatement, Conflict of Laws, § 32.) In December, 1956 the Children's Court of Niagara County placed the decedent in 'the custody of the Commissioner of Public Welfare of that county and she was committed to an institutional home in Buffalo. The mother paid $15 weekly for her support therein pursuant to the same order. In August, 1957 the decedent ran away from the institution and sojourned with her father in Cattaraugus County from August 14 to about August 30, 1957. The decedent was killed in an automobile accident in Niagara County on September 13, 1957. Implicit in the decision of the Surrogate is a finding that the decedent could choose her residence or domicile. This an infant may not do. (Cf. Matter of Thorne, supra, p. 450.) The decedent at the time of her death was a resident of Niagara County and the Surrogate of Cattaraugus County was without jurisdiction. (Surrogate's Ct. Act, § 45.) All concur. (Appeal from a decree of Cattaraugus Surrogate's Court granting limited letters of administration to petitioner.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ VINCENT A. CORSALL, Respondent, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF OSWEGO, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Oswego Special Term for plaintiff in an action for a judgment declaring that defendant is required to pay plaintiff additional salary pursuant to the provisions of subdivision 3 of section 3103 of the Education Law.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.