Henry J. Latham, J.
The petitioner, the mother of three children aged 14, 13 and 10 years respectively, separated under an agreement dated November 29, 1956, and allegedly divorced pursuant to a Mexican decree on or about September 11, 1958, *935 seeks ‘ ‘ an order modifying the Separation Agreement and Divorce Decree, between the parties and to allow and permit the petitioner and the children of the parties herein to leave the jurisdiction of this State and voiding the visitation rights of the respondent, and for such other and further relief as to this Court may seem just and proper in the premises.”
The respondent, the father of the children, appearing specially, moves to vacate and set aside the service of the petition and supporting affidavits upon him “ on the ground that there is no jurisdiction in this Court over the person of said respondent, or subject matter of this proceeding, and on the further ground that jurisdiction may not be obtained over this respondent by the service of an alleged petition and supporting affidavits, and that any exercise of jurisdiction by this Court over said person or subject matter, or to grant the relief sought, would be void and a nullity”.
The respondent’s challenge of this court’s jurisdiction to grant the relief sought by the petitioner is, according to his brief, that no summons has been served upon him in any pending matrimonial action and that, in any event, this court has no right to modify any part of the separation agreement and thus make a new contract between the parties.
It is quite true that there is no pending matrimonial action and this court has no power to annul any part of the separation agreement as between the parties themselves. As to the children, however, physically present in this jurisdiction, this court, in the interest of their welfare, may refuse to be controlled by agreements of parents even when incorporated in decrees of foreign tribunals having jurisdiction. (Matter of Bull [Hellman], 266 App. Div. 290, affd. 291 N. Y. 792.)
As I read petitioner’s application, she seeks the exclusive custody of the children without any visitation rights to their father because she desires to move, with her new husband and two children by him and the three children here involved, to California; that the father of these three children, the respondent herein, for almost five years since the Mexican decree, has never seen, asked to see, or called to speak to, any of these children Such an application is perfectly proper by way of petition or by writ of habeas corpus where, as here, the custody of the children has not been adjudged as an incident of a domestic matrimonial decree. (Finlay v. Finlay, 240 N. Y. 429, 432.) This special proceeding, as an alternative to habeas corpus, lies, not alone when the custody of minor children is involved, but when any matter affecting their health and welfare is presented. Thus, the First Department entertained jurisdie *936 tion to fix children’s residence in New York even though their mother had agreed in a separation agreement to keep them in San Francisco and a California decree had directed her to do so. (Matter of Hicks v. Bridges, 2 A D 2d 335.)
The motion of the respondent, therefore, challenging this court’s jurisdiction to entertain the petition is denied. Under the provisions of section 237-a of the Civil Practice Act, the respondent is given leave to address himself to the merits of the petition (Matter of Fiedler, 7 A D 2d 626) by the service of an answer and other proof, if so advised, within five days of the service of a copy of an order hereon, with notice of entry. Following such service, the petitioner may, on two days’ notice to the respondent’s attorney, place the application on the calendar for hearing before the Justice presiding in Special Term, Part II, of this court.