■ In the Matter of GEORGE SWEET, Respondent, v. BETTY J. S. ROSE, Appellant.— *Per Curiam*. Appeal by defendant mother from an order of the Family Court of Broome County entered August 30, 1965, which continued permanent custody of four infant children in the plaintiff father and amended the court's prior order of September 16, 1963, whereby such custody was granted, so as to provide that the mother shall be entitled to have the children visit her, in each year, for one month during school vacation in the Summer and for one week beginning on December 26, round trip transportation for the Summer visit to be furnished by the father and that for the Winter visit by the mother. We are disinclined to disturb the purely factual findings of the Judge of the Family Court "that it would be a disservice and not in the best interests of said children to change the custodial order * * * by reason of the father's moving to the state of Wyoming * * * that the move to the state of Wyoming by the father was in no way malicious or of intent to deprive the mother of her visitation rights, but it was in order for the father to improve his station in life * * * that the right of the mother to monthly visitations and to the visitations called for in [their 1963 separation] agreement can no longer be enjoyed by her * * * because of the change of the residence of the father and * * * that she should be entitled to more liberal visitation in the summertime and the holidays between Christmas and New Year's". We consider, however, that reasonable security should have been required of the father to assure his compliance with the provisions respecting visitation rights. (See *People ex rel. Halvey* v. *Halvey*, 185 Misc. 52, affd. 269 App. Div. 1019, affd. 295 N. Y. 836, affd. 330 U. S. 610.) Although his counsel "guaranteed * * * that any direction from [the Family] Court or the Appellate Division changing or modifying the decree or decision * * * will be complied with at the expense of the father", such an assurance should not be accepted in lieu of permanent security, even if counsel so intended it. Order modified, on the law and the facts and in the exercise of discretion, so as to add thereto the provision that plaintiff give sufficient security, in an amount to be fixed by the Family Court after according both parties an opportunity to be heard and to produce proof, if either be so advised; matter remitted for such procedures; and, as so modified, order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.