Samuel M. Gold, J.
Motion to compel arbitration is denied. While a right of visitation is involved as against a right of custody, as in Matter of Hill (199 Misc. 1035) one of the cases there relied upon withheld approval of an award of arbitrators which was concerned with a right of visitation (Wattman v. Wattman, N. Y. L. J., Jan. 15, 1940, p. 221, col. 7). Either custody or visitation, however, is a matter involving the well-being of a child. This well-being is not only the primary object of parents, as was recognized by the parties to the agreement sub judice, but is also a primary interest to the State acting as a corporate body. Since it is well known that arbitrators need not follow the law in their considerations and awards, the courts of this State have in certain situations involving public policy set aside awards in conflict with such policy (Matter of Publishers' Assn. [Newspaper Union], 280 App. Div. 500, and cases there cited) and have refused to direct arbitration in such situations (Matter of Kramer & Uchitelle, 288 N. Y. 467).
The well-being of this child as it will or may be affected by visitation rights can only be determined on a hearing. In denying this application the merits of the child’s well-being have neither been considered nor passed upon; all that has been *571 held is that there may be no arbitration in this aspect. In the interests of justice the court renews the suggestion made at the time of the argument that the parties contact it for the purpose of arranging a conference in chambers, where the visitation question may he discussed and resolved.