In the Matter of the Arbitration between JAMES B. CAREY, as President of International Union of Electrical, Radio and Machine Workers, AFL–CIO, Appellant-Respondent, and WESTINGHOUSE ELECTRIC CORPORATION, Respondent-Appellant.

First Department, December 9, 1958.

*Isadore Katz* of counsel (*Lieberman, Katz & Aronson, Benjamin C. Sigal,* attorneys), for appellant-respondent.

*John D. Calhoun* of counsel (*John F. Hunt* and *Thomas G. S. Christensen* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for respondent-appellant.

*Per Curiam.* Petitioner union and respondent employer cross-appeal from an order of Special Term which denied so much of petitioner's motion as sought to compel arbitration of certain discharge grievances arising in respondent's Buffalo plant and granted the motion with respect to certain furlough grievances arising in respondent's Sharon plant. Arbitration had been sought under a collective bargaining agreement providing therefor.

In denying the motion with respect to the Buffalo grievances Special Term held that arbitration could not be ordered since as a matter of law a court would be required to overturn a decision of the arbitrators which ordered reinstatement. This holding misconceives the role of the court in dealing with agreements to arbitrate. On a motion to compel arbitration the court may only consider the existence of an agreement to arbitrate and whether there is a dispute arising thereunder (*Matter of United Culinary Bar & Grill Employees* [*Schiffman*], 272 App. Div. 491, 494, affd. 299 N. Y. 577). Once such a dispute is established even questions of law are for the arbitrators (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714, affd. 309 N. Y. 709). This rule comprehends questions involving the interpretation of discharge provisions in employment contracts (*Matter of Samuel Adler, Inc.* [*Local 584*], 282 App. Div. 142).

In the present status of the arbitration proceeding the court may not consider the question of whether reinstatement would violate the public policy of this State. All that is before the court is unilateral testimony given in another forum that the employees were at one time associated intimately with Communist activities. This is coupled with their failure, under claim of privilege, to deny these charges. Such proof does not support the conclusion of law respondents urge. But even if it did, matters of law are for the arbitrators, as are matters of fact (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], *supra; Matter of United Culinary Bar & Grill Employees*

[*Schiffman*], *supra*; *Matter of Samuel Adler, Inc.* [*Local 584*], *supra*). On whether a supervening public policy might serve to override the rules which ordinarily apply to arbitration and the collective bargaining contract between the parties is not only a premature question, but one on which the record, at this stage, is hopelessly deficient.

With respect to the Sharon furlough claims, Special Term properly held that there was an existing dispute subject to arbitration. There is no merit to the claim of Federal preemption under the Labor Management Relations Act. (*Lodge No. 12* v. *Cameron Iron Works*, 257 F. 2d 467.)

Order, insofar as it relates to National Appeal Grievances Nos. 1953, 1961 and 1963 (the Buffalo discharge grievances) should be unanimously modified, on the law, the petition to compel arbitration of such grievances granted, and the order otherwise should be affirmed, with costs to petitioner.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK, and BASTOW, JJ., concur.

Order so far as appealed from unanimously modified, on the law, so as to grant petitioner's motion to compel arbitration of the unsettled grievances known as National Appeal Grievances Nos. 1953, 1961 and 1963, and, as so modified, the order is affirmed, with $20 costs and disbursements to the petitioner-appellant-respondent.