AVCO CORPORATION *v.* PETER PRETESKA ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 112785
AT BRIDGEPORT

Memorandum filed June 30, 1961

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the plaintiff.

*Baker & Diamond,* of Stamford, for defendant International Union, United Automobile, Aircraft and Agricultural Implement Workers of America.

*Meuser, Gentile & Biafore,* of Bridgeport, for the defendants.

PARMELEE, J. This is an application to vacate an arbitration award of a board of arbitration selected from a panel furnished by the American Arbitration Association. A counter motion to confirm the award was filed by the respondents Peter Preteska (the employee involved), the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, and its Local 1010. The board held hearings on the union appeal from a company decision discharging its employee Peter Preteska. The award of the majority (one dissent) directed the reinstatement of said Peter Preteska with back pay specified as $3531.04. Preteska had been discharged for violation on company premises of § 53-298 of the General Statutes, entitled "Policy Playing." Preteska entered a plea of guilty to a violation of this statute in the Stratford Municipal Court on October 20, 1959, and also for violation of a company rule governing gambling on the premises. The evidence of violation of said § 53-298 was found on his person and in his constructive possession on the tote truck which he regularly operated on the premises. It consisted of several small slips of paper containing approximately forty three-digit numbers identified by Preteska as policy plays, one football pool slip, one treasury balance result sheet, one treasury balance ticket, two Irish sweepstakes tickets, two world series lottery tickets, several slips of paper containing altogether twenty-five three-digit numbers identified by Preteska as policy plays, seventeen $1 bills and one $5 bill, three containers in which were found a two-foot length of adding machine tape on which there were forty-five three-

digit numbers identified by Preteska as a policy play handicap, several slips of paper containing approximately 100 three-digit numbers identified by Preteska as policy plays, and a policy player's handicap manual. Some of these records, all of which involved policy playing, Preteska admitted were prepared on company premises and equipment, and even on company time. He conceded this had been going on several times a week for months. The chairman of the board so found.

The issues raised may be divided into two main categories as follows: (1) Did the arbitrators exceed their powers by rendering an award which contravenes the public policy of the state of Connecticut, hence said award being illegal and unenforceable? (2) Did the said board act in excess of its powers in awarding back wages in the amount of $3531.04?

The plaintiff and the defendant Local 1010-UAW have entered into an agreement, in evidence as exhibit A. Article 5, § 1, of said agreement provides: "The Company shall have the right to discharge or discipline employees for just cause." It is fundamental that an agreement for the submission of an issue or issues to arbitrators constitutes the charter of the entire arbitration proceedings. *Niles-Bement-Pond Co.* v. *Amalgamated Local 405,* 140 Conn. 32, 36. Such an agreement defines and limits the issues to be decided by the arbitrators. *International Brotherhood* v. *Shapiro,* 138 Conn. 57, 68; *Amalgamated Assn.* v. *Connecticut Co.,* 142 Conn. 186, 191. The company contends that the conduct of the employee on the premises constitutes just cause for dismissal. The defendants claim that whether or not the employee's conduct constitutes just cause for dismissal is a fact to be determined by the arbitrators and that their decision in this regard may not be challenged in this action, particularly since

article 4, step 5(c), provides: "The majority decision of the Board of Arbitration shall be final and binding upon the Company and the Union." The defendants further claim that the submission to the arbitrators was based upon the "just cause" phrase in said article 5, § 1, and since it was an unrestricted submission the interpretation of the law and the labor agreement is not subject to judicial review for errors of interpretation.

Application to vacate an award is a special proceeding authorized by statute. Section 52-418 of the General Statutes provides that an order vacating the award may be made upon the application of any party to the arbitration "(d) if the arbitrators have exceeded their powers." The court must uphold the finality of the award except when it clearly falls within the proscription of said § 52-418.

As it has been pointed out, the submission in this case was unrestricted, the agreement providing that the majority decision of the board of arbitration shall be final and binding upon the company and the union. There was nothing which required the arbitrators to decide the matter "according to law." By the terms of the agreement, arbitration is permissive, not mandatory, the parties themselves controlling the contract and the form in which a submission is made. *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.*, 145 Conn. 285.

However, the case now before us presents facts which are clearly distinguishable from many of the arbitration cases which have been heard in this state. A question of public policy is raised. The agreement entered into between these parties is a contract. It is a rule of law that a contract which contravenes public policy will be declared illegal and unenforceable. *Beit* v. *Beit,* 135 Conn. 195; *Westville & Hamden Loan Co.* v. *Pasqual,* 109 Conn.

110, 116; *Smith* v. *Delaney,* 64 Conn. 264, 276; *Connors* v. *Connolly,* 86 Conn. 641, 656; *Hanford* v. *Connecticut Fair Assn.,* 92 Conn. 621, 623. In *Amalgamated Association* v. *Connecticut Co.,* supra, 191, which involved an application to vacate an arbitration award, the court said: "If it [the contract] specifies methods of procedure for the arbitration, the arbitrators will be bound to that procedure unless it is in violation of law or *public policy*" (italics supplied). *Black* v. *Cutter Laboratories,* 43 Cal. 2d 788, cert. dismissed, 351 U.S. 292, approves the court's right to act against a labor arbitration award which contravenes public policy by its construction of a labor agreement.

Section 53-298 is the statute upon which the employee, Preteska, pleaded guilty and was found guilty by the court. The facts show that he was guilty of a violation of this statute while on the company premises. "Policy playing" is a method of gambling by betting as to what numbers will be drawn in a lottery. *State* v. *Mola,* 128 Conn. 407, 409. *State* v. *Johnson,* 140 Conn. 560, 565, defines "custodian," as used in General Statutes § 53-298, as one who has temporary physical possession. On the facts in the present case, there is no doubt that the employee, Preteska, was at least a custodian of the articles which were found in his possession. He was therefore guilty of the violation of that statute.

But § 53-298 creates a responsibility beyond that of the person who possesses, keeps, manages or is the custodian, and so forth, of the property described in the statute. The last sentence in said statute reads as follows: "Any owner, mortgagee in possession, lessee or occupant of any building, room, structure or place, or part thereof, who knowingly permits the same to be used or occupied for any of the purposes mentioned in this section, shall be fined not more than one hundred dollars or imprisoned

not more than six months or both." This statute places a direct responsibility on the owner or lessee of premises—in this case the employer. The statute expresses the legislative purpose and public policy of the state in regard to gambling. The employer now is in the position of the occupant of a building who was aware of gambling activities being conducted on the premises. The legislature of our state has laid down the mandate that the occupant of premises (in this place the employer) must police the use of his premises. On the facts as they exist in the instant case, it would appear that the arbitrators have ruled that the employer must furnish both premises and opportunity to such employees to carry on gambling activities, furnishing also the equipment to use in keeping and storing gambling records, and that it must pay its emloyees for any time lost as a result of arrest, incarceration or conviction of a violation of the state law in this regard. The matter goes deeper than the simple question of the dismissal of Preteska, who readily admits to being a violator of the statute on the premises. The question is primarily whether an employer may take disciplinary action under the "just cause" agreement in the contract against an employee whose violation of the criminal gambling laws also creates a violation on the part of the employer with knowledge of what is going on.

Arbitrators may not take unto themselves, whether or not by assent of the parties, authority to act against the public interest. As stated in *Tandy* v. *Elmore-Cooper Livestock Commission,* 113 Mo. App. 409, 422, "[t]he laws in support of general public policy and in enforcement of public morality cannot be set aside by arbitration." Awards which contravene the public policy of a state exceed the powers of an arbitrator and are illegal and unenforceable. *Black* v. *Cutter Laboratories,* 43 Cal. 2d

788, cert. dismissed, 351 U.S. 292; *Michelman* v. *Michelman*, 5 Misc. 2d 570; *Publishers Assn.* v. *Newspaper & Mail Deliverers Union*, 280 App. Div. 500; *Franklin* v. *Goldstone Agency*, 33 Cal. 2d 628, *Loving & Evans* v. *Blick*, 33 Cal. 2d 603; *Western Union* v. *American Communications Assn.*, 299 N.Y. 177; *Smith* v. *Gladney*, 128 Tex. 354; 2 Werne, Law and Practice of the Labor Contract, p. 226. The statement of the rule that awards which contravene public policy of a state exceed the powers of an arbitrator is clearly set forth in *Hurd* v. *Hodge*, 334 U.S. 24, 34, where the court said: "The power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in the constitution, treaties, federal statutes and applicable legal precedents."

In the light of the undisputed evidence, it is concluded that the interpretation of the "just cause" provision in the contract by the arbitrators—that the conduct of the employee, Preteska, is not subject to disciplinary action by the employer—is void as being contrary to public policy.

In view of the above finding, no back wages should be awarded.

The decision and award of the arbitrators is vacated.