**LOCAL 453, INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS, AFL–CIO, an Unincorporated Labor Organization, Plaintiff,**

v.

**OTIS ELEVATOR COMPANY, a Corporation, Defendant.**

United States District Court
S. D. New York.
July 9, 1962.

Abramson & Lewis, New York City, for plaintiff (Leonard Greenwald, New York City, of counsel).

Guggenheimer & Untermyer, New York City, for defendant (Louis Newman, New York City, of counsel).

CASHIN, District Judge.

This is a motion by plaintiff for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., granting summary judgment in favor of the plaintiff and against the defendant.

The plaintiff union, Local 453, International Union of Electrical, Radio & Machine Workers, AFL–CIO, seeks in this action to confirm an arbitration award dated May 24, 1961 and to compel the defendant to comply therewith. The award directed the reinstatement of an employee, Joseph Calise, who had been discharged by the defendant on December 5, 1960 for an admitted violation of a company rule forbidding gambling in its plant at Yonkers, New York. The employee had been convicted for the knowing possession of policy slips upon the employer's premises during working hours.

By an order to show cause returnable before this Court on October 31, 1961, the plaintiff moved for a preliminary injunction compelling the defendant to comply with the award pending final disposition of the action. On January 18, 1962, Judge MacMahon denied this motion partly on the ground that the arbitration award was "void and unenforceable." D.C., 201 F.Supp. 213.

There is no dispute as to the facts which are set out in Judge MacMahon's decision. Briefly, Calise was discharged following his indictment, prosecution and conviction in the County Court of Westchester County for knowing possession of policy slips on the employer's premises during working hours. After exhaustion of grievance procedures, the parties submitted the dispute to arbitration. The arbitrator found that the employee had been discharged without cause. He found that discharge was too harsh a penalty and he directed the company to reinstate the employee without back pay from the date of discharge.

I agree with Judge MacMahon's determination that the arbitrator had the power to settle the dispute involved. I also agree that this court is foreclosed from considering the question of whether or not the commission of a crime by an employee upon the premises of the employer is just cause for discharge as a matter of law. Philadelphia Dress Joint Board v. Rosinsky, 134 F.Supp. 607, 612 (E.D.Pa.1955), aff'd 229 F.2d 438 (3. Cir. 1956); Carey v. Westinghouse Electric Corp., 6 A.D.2d 582, 180 N.Y.S.2d 203 (1st Dept. 1958), aff'd 6 N.Y.2d 934, 190 N.Y.S.2d 1003 (1959).

However, as Judge MacMahon found, the misconduct involved here is not just an infraction of a company rule. It is a misdemeanor under § 974, McK. Consol.Laws, c. 40, of the N. Y. Penal Law. This same statute also provides that a "person who * * * is the owner * * * of any place * * * where policy playing or the sale of what are commonly called 'lottery policies' is carried on with his knowledge or after notification that the premises are so used, permits such use to be continued, or who aids, assists, or abets in any manner, * * * is a common gambler, and guilty of a misdemeanor." Thus, the responsibility for the observance of this law rests upon the owner of the premises and exposes him to criminal prosecution.

In the instant case, Calise was not just gambling himself, but he was carrying on organized professional gambling and had four other employees working for him. Under these circumstances I cannot compel the defendant to comply with the arbitration award.

 " * * * A collective bargaining agreement may well give an arbitrator power to dispense his own brand of industrial justice, but the contract, and his power under it, are limited by, and must yield to, overriding public policy. This award clashes with that policy. It indulges crime, cripples an employer's power to support the law, and impairs his right to prevent exposure to criminal liability. The award is, therefore, void and unenforceable. Black v. Cutter Laboratories, 351 U.S. 292, 76 S.Ct. 824, 100 L.Ed. 1188 (1956); Hurd v. Hodge, 334 U.S. 24, 34–35, 68 S.Ct. 847, 92 L.Ed. 1187 (1948); Matter of Western Union Tel. Co., 299 N.Y. 177, 86 N.E.2d 162 (1949); Avco Corp. v. Presteska, 122 Conn.Supp. 475, 174 A. 2d 684 (1961)."

Thus, plaintiff's motion for summary judgment is denied. Summary judgment is, however, granted to the defendant vacating and setting aside the arbitration award of May 24, 1961. There being no issue of fact, summary judgment for the defendant may be granted without a formal cross-motion. Local 33, Int. Hod Carriers, etc. v. Mason Tenders, etc., 291 F.2d 496 (2 Cir. 1961); Bell v. Waterfront Commission of New York Harbor, 183 F.Supp. 175 (S.D.N.Y. 1960), aff'd 279 F.2d 853 (2 Cir. 1960); Banco Nacional De Cuba v. Sabbatino, 193 F.Supp. 375 (S.D.N.Y.1961).

Summary judgment granted to the defendant.

It is so ordered.