JENKINS BROS., Plaintiff,

v.

LOCAL 5623, UNITED STEELWORK-
ERS OF AMERICA, and the Connecti-
cut State Board of Mediation and Arbi-
tration, Defendants.

Civ. No. 10323.

United States District Court
D. Connecticut.

April 24, 1964.

Clifford R. Oviatt, Jr., and John A.
Sabanosh, of Cummings & Lockwood,
Stamford, Conn., for plaintiff.

Daniel Baker, of Baker & Diamond,
Stamford, Conn., for defendant Union.

Raymond J. Cannon, Asst. Atty. Gen.,
Hartford, Conn., for defendant Board.

TIMBERS, District Judge.

Plaintiff having moved, pursuant to
28 U.S.C. § 1447, to remand this action
to the Superior Court for Fairfield Coun-
ty, from which it was removed to this
Court, pursuant to 28 U.S.C. § 1441, by
defendant Local 5623, United Steelwork-
ers of America (defendant Union); and

Defendant Union having moved, pur-
suant to Rule 12(b)(6), Fed.R.Civ.P.,
to dismiss the action for failure to state
a claim upon which relief can be granted,
or, in the alternative, for a stay of pro-
ceedings in this action pending arbitra-
tion of the dispute in accordance with the

collective bargaining agreement between plaintiff and defendant Union; and

Defendant The Connecticut State Board of Mediation and Arbitration (defendant Board) having moved, pursuant to Rule 12(b)(2), Fed.R.Civ.P., to dismiss the action for lack of jurisdiction over defendant Board; and

Plaintiff and defendant Board having stipulated that defendant Board be dropped as a defendant herein; and

 The Court having heard argument by counsel for the respective parties; having considered their pleadings, motions, affidavits and briefs; and being of the opinion that

(A) Plaintiff's motion to remand the action should be denied for the reasons

(1) that, whether the complaint be construed as seeking an injunction to enjoin arbitration of a matter not arbitrable under the collective bargaining agreement or a declaratory judgment requesting protection against improper demands for arbitration, under controlling law the action is one over which this Court would have had original jurisdiction to determine the obligation of the parties to arbitrate a dispute under a collective bargaining agreement in an industry affecting commerce, pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (Black-Clawson Co., Inc. v. International Association of Machinists, 313 F.2d 179, 181–182 (2 Cir.1962); Armstrong-Norwalk Rubber Corp. v. Local 283, 167 F. Supp. 817, 818 (D.Conn.1958); cf. Local 453 v. Otis Elevator Co., 314 F.2d 25 (2 Cir.), cert. denied, 373 U.S. 949, 83 S.Ct. 1680, 10 L.Ed.2d 705 (1963));

(2) that, since this is a civil action over which this Court would have had original jurisdiction (28 U.S.C. § 1331(a); 29 U.S.C. § 185(a)), the action therefore was properly removed to this Court (28 U.S.C. § 1441(a) and (b)); and

(B) Defendant Union's motion to dismiss the action should be granted for the reasons

(1) that an arbitration board, pursuant to a collective bargaining agreement, may arbitrate the question of just cause in the discharge of an employee for violation of state gambling laws notwithstanding the existence of a public policy of the state against gambling (Local 453 v. Otis Elevator Co., supra at 28–29, reversing 206 F.Supp. 853 (S.D. N.Y.1962));

(2) that, assuming without holding that there is a public policy of the State of Connecticut which condemns gambling by an employee on the premises of his employer (Avco Corporation v. Preteska, 22 Conn. Supp. 475, 174 A.2d 684 (Super.Ct. 1961)), such state public policy is not controlling over, but must yield to, the substantive principles of national labor law which the federal courts are empowered to fashion— in short, the public policy of the United States as declared by the federal courts in the field of national labor law must prevail over any state public policy asserted to the contrary (Local 453 v. Otis Elevator Co., supra, at 28–29; cf. John Wiley & Sons, Inc. v. David Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)); and

(C) Defendant Board's motion to dismiss the action should be denied as moot for the reason that said defendant by stipulation has been dropped as a defendant herein; it is

Ordered that plaintiff's motion to remand the action be, and the same hereby is, denied; and it is further

Ordered that defendant Union's motion to dismiss the action be, and the same hereby is, granted; and it is further

Ordered that defendant Board's motion to dismiss the action be, and the same hereby is, denied as moot.