Jacob T. Zukerman, J.
This is a petition for the support of a three-year-old child only, the only issue of the marriage.
The respondent moves to dismiss the petition on the basis of a separation agreement executed on February 16, 1966 which provided for .support and maintenance of the wife and for the support, maintenance and education of the child. He cites a provision for arbitration of the matter of increased child support. He argues also that there is no showing of a compelling •change in circumstances of the respective parties.
The respondent also moves, in the alternative, for an order compelling arbitration (pursuant to CPLB 7503).
The petitioner contends that the existence of an arbitration agreement is not a valid ground for the dismissal of a support petition in Family Court. She points out that in this separation ■agreement there was a provision that ‘ ‘ In any event no arbitration shall be had prior to four years from execution, and no award shall take effect prior to that date ’ ’. She maintains also, that ‘ ‘ whether a child is receiving proper quantum of support under a separation agreement is one of fact and can be resolved only after a trial ”.
*187 It appears quite clear that when the question of the amount of child support is within the terms of an arbitration agreement, such an agreement is enforcible. (Schneider v. Schneider, 17 N Y 2d 123 [1966].) The finding of the arbitrator is subject to review by the courts if it should be found to adversely affect substantial rights of the child. (Sheets v. Sheets, 22 A D 2d 176 [1964].)
But the existence of an arbitration clause in a separation agreement is not a ground for dismissal of a support petition. It is rather the basis for a motion, in the proper court, to compel arbitration. (Sperling v. Sperling, 26 A D 2d 827 [1966].) I do not feel that the Family Court, where such a motion has been made by the respondent, in the alternative, is the proper forum. The Family Court is a court of limited jurisdiction and has not been given the authority either by the Constitution of the State of New York or by the Legislature. Thus, even if I were of the opinion that the arbitration provision was applicable herein, I would at most stay the proceeding pending decision on such a motion in the proper court.
However, a reading of the separation agreement discloses that article sixth H 2 (b) states as .follows: “ In any event no arbitration shall be had prior to four years from execution, and no award shall take effect prior to that date ’ ’.
While the respondent argues that this article should not be read to control the general arbitration provision of the agreement, I see no merit in this contention. It seems very clear to me that the parties intended that there should be no arbitration for at least four years. While this might be effective as it relates to the provisions for support of the wife, it is not controlling as to that portion of the agreement which deals with the rights of the child. To allow it to apply would, in effect, prevent any modification in the amount of support for the child for almost three years and would actually be violative of subdivision (a) of section 461 of the Family Court Act which provides that “ a separation agreement * # * does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article.”
A child is entitled to be supported in accordance with the present means of his father without regard to any agreement made for him based on his father’s income at the time such agreement was executed (Schwartz v. Schwarts, 48 Misc 2d 859 [1965].) It is true, as the respondent contends, that the court must consider whether there was a compelling change of circumstances of the respective parties. (Matter of Halpern v. *188 Klebanow, 21 A D 2d 858 [1964].) Yet that is a matter to he determined at a hearing on the merits. This is what the ¡petitioner seeks upon behalf of the child.
Thus, the motion of the respondent to dismiss the petition is denied in all respects, as is his alternative motion to compel arbitration.