Justine Wise Polier, J.
The petitioner filed a petition for support for herself and three children in which she alleged a separation agreement had been entered into on July 21, 1965 providing for $15 a week for her .support and $60 a week for the three children. She further alleged that the respondent had refused and neglected to provide reasonable support according to his means since November 1969. After an adjournment for possible settlement outside court, during which time respondent undertook to pay the petitioner $300 monthly, the case came on for hearing on October 8, 1970.
At the hearing, counsel for the respondent offered in evidence a separation agreement which provided that: “ Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Buies of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof ” (par. 16). On the basis of this provision, counsel for respondent moved that this court should refer all questions including questions of support and custody to the American Arbitration Association. Counsel for the petitioner opposed the motion on the ground that the children were not bound by the agreement for arbitration and that the questions of support and custody were properly before the Family Court. Counsel further moved to amend the petition to seek enforcement of the separation agreement and for an upward modification based on alleged change in circumstances. Petition was so amended.
The separation agreement, dated July 21, 1965, provides that the wife shall have custody and control of the children subject to visitation rights of the father. It provides that the wife may *482 elect to live in Europe and that her residence whether temporary or permanent shall not affect her custody. It further provides that during such periods as the wife may reside in Europe, she may leave one or more children with her mother and that this also will not affect custody. The intention of the wife to reside in Europe for an indefinite period commencing in September or October, 1965 was included in the separation agreement (par. 6).
Counsel agree that petitioner has been residing abroad for some time with the youngest child, now seven years of age, and that the two older children have been living for a considerable time with the respondent and not with either the mother or maternal grandmother, as contemplated in the separation agreement. There is now a contest both as to where the two older children, 13 and 10 years of age, should reside and what support the respondent shall pay to the petitioner. Clearly, a decision on support will depend in part on whether the father has or has not custody of the two older children.
Motion of counsel for the father that all questions raised in the present dispute be referred to the American Arbitration Association raises several questions.
First: Has this court the power to issue a stay or refer the disputes between the parties to the American Arbitration Association? The answer is in the negative without prejudice to the right of respondent to move in the appropriate court to secure a stay against furthersproceedings in this court. The existence of an arbitration clause in a separation agreement does not constitute ground for dismissal in ah action for support of a child. It is rather the basis for a motion, in the proper court, to compel arbitration. (Matter of Banks v. Banks, 54 Misc 2d 186 [1967] , citing Sperling v. Sperling, 26 A D 2d 827 [1966].)
Second: Is a provision in a separation agreement for arbitration of questions of support for a wife or children enforceable in this State? The law is settled in this State that such a provision is enforceable. (Schneider v. Schneider, 17 N Y 2d 123 [1966]; see Sheets v. Sheets, 22 A D 2d 176 [1964]; Matter of Lasek, 13 A D 2d 242 [1961].) The courts have, however, required that when such a provision is part of a separation agreement, an application for a stay pending arbitration will be granted only on condition that the party seeking puch a stay initiates the arbitration within a stated time. (See Schneider, supra; see, also, Matter of Adams v. Rhoades, 56 Misc 2d 249 [1968] .)
Third: Does a comprehensive provision in a separation agreement that all matters arising out of or relating to the agreement *483 shall be referred for arbitration oust the courts of jurisdiction to consider questions of custody and visitation? The answer is in the negative. In Sheets v. Sheets (supra) the Appellate Division (First Department) affirmed an order staying arbitration on questions of visitation, secular and religious education of children, and the alleged alienation of affection of children. In doing so the court held that the demands of the appellant husband for arbitration of these issues did not fall within the provisions for arbitration of the separation agreement. The appellate court reiterated that it was settled law in New York that provisions for arbitration of disputes regarding the amount of support included in separation agreements were enforceable. The court also noted that the courts in New York have held disputes between parents as to rights of custody and visitation are to be determined by the courts and are not a proper subject for arbitration. The court cited Matter of Michelman (Michelman) (5 Misc 2d 570 [1954]) and Matter of Hill (Hill) (199 Misc. 1035 [1951]). After noting these decisions, the opinion engaged in a general discussion of the need for clarification and restatement of the proper position to be taken by courts as to arbitration provisions in separation agreements which affect matters of custody and visitation. With many caveats in regard to the best interests of a child and the right of judicial review of arbitration decisions, the court states “ submissions of disputes in custody and visitation matters to voluntary arbitration need no longer receive general interdiction” (22 A D 2d 179). This part of the opinion, as noted above, went beyond the holding in the case.
In a more recent case Agur v. Agur (32 A D 2d 16 [1969, 2d Dept.]) the Appellate Division reviewed the cases in this field, modified an order of Special Term and directed a prompt hearing at Special Term on the issues of custody, counsel fee and support. In effect, this decision reversed Special Term which had granted a stay and had directed arbitration as provided in a separation agreement. The appellate court found that the arbitration clause in the separation agreement encompassed the custody dispute but held that in such matters the State acts as parens patriae and quoted the famous passage from Judge Casdozo’s opinion in Finlay v. Finlay (240 N. Y. 429, 433-434): The court “ is not adjudicating a controversy between adversary parties ”. The appellate court then continued in Agur (supra):
“ ‘He [the court] acts as parens patriae to do what is best for the interest of the child * * *
“ Thus it is that agreements by parents as to custody of their children are never final but subject always to the supervening *484 power of the court (People ex rel. Rowe v. Rowe, 11 A D 2d 759; Bleck v. Bleck, 1 A D 2d 839; Van Dyke v. Van Dyke, 278 App. Div. 446). * * #
“ An agreement to arbitrate custody is not distinguishable from an agreement to give custody. The process of arbitration is useful when the mundane matter of the amount of support is the issue [cases cited]. It is less so when the delicate balancing of the factors composing the best interests of a child is the matter at hand ” (pp. 19-20).
The appellate court thus squarely held that although the separation agreement included a provision that any issue of custody should be referred to arbitration, such provision would not be enforced and that the court continued to have the duty, despite such provision, to hear and determine what was in the best interest of the child. The court stated: “ Nor can the arbitrators’ award, once made in accord with formal requirements, be reviewed except under the narrowly limited grounds of the statute (CPLBi 7511, subd. [b]). The court may not vacate the award because of a mistake of fact [cases cited] or a ‘ perverse misconstruction ’ of law [cases cited] ” (p. 20). The limited judicial review allowed following an arbitration award involving the custody of a child was thus not seen as satisfying the obligations of the State as parens patriae to determine and safeguard the best interests of a child. In Agur (supra) the court further expressed grave doubts about what it described as the two-stage procedure discussed in Sheets (supra) under which the issue of child custody could first be determined by arbitration and subsequently be reviewed by a court which would then have the power to nullify the determination if it were found contrary to the child’s best interests.
In the Agur case (supra) the court also took the position that arbitration stressed the settlement of a private dispute between the two contesting parties, whereas the judicial process was more broadly shaped and could decide that in the best interests of a child, neither parent should have custody. In reaching its decision in this case, the court also found that the restrictions in the clause limiting the area of decision to religious law and the choice of arbitrators to those versed in religious law, the duress alleged by the wife in regard to her signing of the separation agreement, and the factors involving the welfare of the child satisfied the court that “ this case does not present cause for the use of the arbitration process ” (p. 21).
In the case now before this court, the petitioner seeks enforcement of the separation agreement under the Family Court Act (.§§ 421, 422) and modification of such agreement for the sup *485 port of the children on the ground of change in circumstance under the Family Court Act (§ 461). Absent the provision for arbitration of any disputes between the wife and the husband arising out of the separation agreement, there is no question of petitioner’s right to an adjudicatory hearing and determination on her petition. Incidental to and flowing from the hearings in such a case, this court would have the power and duty to determine whether a change in custody or visitation as provided in the separation agreement was required in the best interest of the three children.
The existence of the arbitration clause does not constitute a ground for dismissal of the action for support. It certainly cannot remove the authority of this court to proceed to hear and determine the petition seeking enforcement of support through the court and modification of the support agreement so far as the children are concerned in the absence of an order staying the proceedings by the appropriate court. It is highly questionable whether if the question of support was referred for arbitration, the arbitrators would have the power to consider the petition for modification as authorized by the Family Court Act under section 461. To have the dispute on enforcement of support heard by arbitrators and the petition for modification heard by this court would only result in waste of time and funds, since such fragmentation would necessitate submission of the same relevant financial evidence.
In the light of the New York decisions concerning the effect of agreements to arbitrate disputes concerning custody and visitation, there is grave doubt that the provision in this case is enforceable so far as custody and visitation are concerned. In addition, in the instant case, the custody of the children, their welfare, and their support are so inextricably interrelated that the need for a judicial process to determine all issues seems clearly indicated under the doctrine of parens patriae.
The motion of counsel to refer all questions to the American Arbitration Association is denied. The temporary order of $300 monthly entered by consent without prejudice to either side is continued. The case is adjourned to November 24, 1970 for hearing on all issues.