NEW HAVEN BOARD OF EDUCATION *v.* NEW HAVEN FEDERATION OF TEACHERS, LOCAL 933, AFT

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 206220
NEW HAVEN

Memorandum filed September 14, 1982

*Friedler & Kaplan,* for the plaintiff.

*James C. Fergeson,* for the defendant.

ZOARSKI, J. The plaintiff New Haven board of education (hereinafter board) filed an application to vacate an arbitration award involving a dispute between it and the defendant New Haven Federation of Teachers,

Local 933, AFT (hereinafter federation). Those organizations were parties to a collective bargaining agreement for the period of July 1, 1980, to June 30, 1983. The plaintiff board was also a party to a collective bargaining agreement with the New Haven School Administrators Association (hereinafter SAA) which covered the same period of time. The agreement with the SAA, in Article VII § 3 (g), provides as follows: "In the event an administrator is displaced to an administrative classification or teaching position with a salary schedule lower than that which the displaced administrator previously enjoyed, such administrator's salary shall not be reduced more than One Thousand Dollars ($1000) per year until the appropriate level on such salary schedule is reached."

To clarify the understanding and method of implementing the provision the board and the SAA executed a memorandum of understanding on August 20, 1980. That memorandum provided that a displaced administrator would be paid a separation adjustment allowance in ten equal installments each year of either the difference in his salary minus one thousand dollars or his actual salary as administrator during the current school year.

In August 1980, the board displaced five administrators who accepted teaching positions within the New Haven public school system. The federation which represented the teachers in the school system under its collective bargaining agreement filed a prohibited practice charge against the plaintiff board on June 11, 1980, with the Connecticut state board of labor relations. The complaint alleged that former administrator personnel moved into teaching positions were receiving different salaries from those mandated by the teacher contract. The federation claimed that the provision of the contract between the board and the SAA had the effect of changing teacher salary levels and therefore that it was an illegal interference with the contract

between the board and the federation. The parties to the matter before the labor board were the plaintiff board, the federation and the SAA, which was permitted to intervene and to participate in the proceedings. After a hearing the labor board, on January 21, 1981, dismissed the complaint of the federation and found that the benefits derived by the administrators under their collective bargaining agreement vested prior to their entry into the teachers' bargaining unit. The sums paid to the displaced administrators were not found to constitute salary but were analogous to severance pay which resulted from their involuntary displacement from the administrators' bargaining unit. The payments to the administrators were not found to contravene the right of the federation to negotiate exclusively for the salaries of its members. The decision of the labor board was not appealed to the Superior Court as provided by General Statutes § 31-109 (d) by any of the parties to that proceeding.

After the federation had filed its complaint with the state board of labor relations on June 11, 1980, it also commenced a grievance procedure against the plaintiff board in October 1980. The grievance against the board alleged that the board had violated its agreement with the federation by failing to pay the displaced administrators in accordance with the provisions of the teachers' contract. In the course of the grievance procedure an arbitrator was appointed and he scheduled a hearing on December 1, 1981. The parties submitted the following issue which was to be resolved by Mark Irvings who was acting as the arbitrator: "Did the Board of Education violate the teachers' contract when it negotiated and implemented Article VII § 3 (g) of the School Administrators' contract which concerns administrators who were displaced into the teachers' unit? If so what shall the remedy be?"

The hearing on that issue was held after the state board of labor relations had rendered its decision and,

on May 7, 1982, the arbitrator issued his arbitration award. The award concluded that the compensation paid to the displaced arbitrators was not periodic severance compensation but was salary and therefore it violated the exclusive right of the federation to negotiate salaries for its members. The conclusion reached by the arbitrator was in direct conflict with the decision of the state labor board. The only parties to the arbitration proceeding were the plaintiff board and the defendant federation. The five displaced administrators and the SAA were not participants in the arbitration procedure although they were directly affected by the decision.

On June 3, 1982, the plaintiff board filed an application to vacate the arbitration award pursuant to General Statutes § 52-418 (c) and (d). The plaintiff claims the arbitrator exceeded his powers in rendering the award for the numerous reasons set forth in the application to vacate the award. Briefs have been filed by the plaintiff and by the defendant. In addition the state board of labor relations and the SAA have filed briefs as amici curiae in support of the application to vacate the award.

The plaintiff argues in its brief that the two legal issues on this application to vacate are (1) whether the award is unenforceable because the arbitrator exceeded his authority by rendering an award in conflict with public policy, and (2) whether the issue was arbitrable since the state board of labor relations had disposed of the issue in its earlier ruling. The defendant contends that the award was not in conflict with public policy and that the labor board's decision did not preclude the arbitration award which related only to the teachers' bargaining unit.

General Statutes § 52-418 (d) permits the vacating of the award "(d) if the arbitrators have exceeded their

powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The defendant federation instituted the arbitration procedure pursuant to Article III § 2 of its collective bargaining agreement with the plaintiff board. Step 4 (c) of that agreement provides as follows: "The decision of the arbitrator shall be binding upon both parties and all teachers during the life of this Agreement, except that such decision shall not usurp the functions or powers of the Board of Education as provided by statute."

The plaintiff board had negotiated with the SAA regarding the terms of that collective bargaining agreement and the board had the power and the right to include in that contract the provision relating to the salary reduction of displaced administrators. The arbitrator did not have the right to interfere with the statutory powers and responsibilities of the plaintiff board and he was compelled to render an award in conformity with the provisions of the agreement relating to arbitration. *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 595, 96 A.2d 209 (1953). An arbitration award which violates state statutes or contravenes the public policy of the state is illegal and must not be honored. *Board of Trustees* v. *Federation of Technical College Teachers,* 179 Conn. 184, 191, 425 A.2d 1247 (1979); *Avco Corporation* v. *Preteska,* 22 Conn. Sup. 475, 481, 174 A.2d 684 (1961).

The award rendered has the effect of permitting the federation to interfere with the rights of the SAA which are set forth in the collective bargaining agreement into which they entered with the plaintiff board. The enforcement of the arbitration award would constitute an interference by the federation in the bargaining rights of the SAA. Such an interference is a violation

of the statutory rights of the SAA. *Local 1219* v. *Connecticut Labor Relations Board,* 171 Conn. 342, 370 A.2d 959 (1976).

The labor policy of this state is enunciated through the decisions of the labor board. The labor board concluded in the dispute between the plaintiff board and the defendant federation that the payments to the displaced administrators constituted compensation for past services and not as salary for services rendered as teachers. The enforcement of the arbitration award would permit the defendant federation to interfere with the rights determined by the labor board to be a proper benefit for the members of the SAA. Such an interference would also be contrary to public policy as set forth in General Statutes §§ 10-153a through 10-153n.

It is significant to note that the defendant federation instituted the procedures both before the labor board and with the arbitrator. The same parties were involved in both proceedings which related to similar disputes. The labor board decided their dispute before the arbitration hearing and that decision was not appealed by the defendant federation. The defendant contends the issues were not the same because the labor board hearing related to a prohibited practice, whereas the arbitration hearing related to a contract dispute. This court does not agree with the defendant's argument and finds that in view of all the similarities involved the decision of the labor board is binding and conclusive on the arbitrator under the doctrine of collateral estoppel. *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 318, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).

The further claim of the defendant that the plaintiff waived its right to rely upon the labor board's decision by failing to object to the arbitrability is also without merit. The objection to arbitrability in this matter is of a substantive rather than a procedural nature because the award conflicts with positive law which

does not permit arbitrability to be waived. *Board of Trustees* v. *Federation of Technical College Teachers,* supra.

The defendant federation, by failing to appeal the decision of the labor board and by instituting the arbitration procedure, has now placed this court in the position of an appellate court regarding the labor board's decision. Had an appeal been taken in that dispute the court would have been limited in the right to review that decision under the Uniform Administrative Procedure Act. An arbitration procedure cannot be substituted for the appellate procedure to permit an unlimited review of the administrative hearing. The similarity of the parties and the issues in each of these procedures should have caused the arbitrator to recognize the superior authority of the labor board regarding the disputed issues. *Carey* v. *Westinghouse Corporation,* 375 U.S. 261, 272, 84 S. Ct. 401, 11 L. Ed. 2d 320 (1964). The arbitrator did not have the authority to overrule the earlier decision of the labor board.

The arbitrator did exceed his powers by rendering an award which contravened the public policy of the state of Connecticut for all of the reasons herein stated. The arbitration award is therefore vacated.